**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| NICHOLAS VASILIADES,<br><br>               Plaintiff,<br>   v.<br><br>MARILYN ANGUD, *et al.*,<br><br>               Defendants. | Civ. No. 17-11764 (RMB)<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Nicholas Vasiliades, a prisoner incarcerated in the Federal Correctional Institution in Fairton, New Jersey ("FCI-Fairton"), brings this civil rights complaint under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1] (Compl., ECF No. 1.) Plaintiff has filed an application to proceed *in forma pauperis* ("IFP") that is deficient because he did not submit a certified "the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint" as required by 28 U.S.C. § 1915(a)(2). (IFP App., ECF No. 1-1). Thus, the Court will administratively terminate this action, subject to reopening

---

[1] An implied cause of action under Bivens is the federal analog to cases against state officials under 42 U.S.C. § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009).

if Plaintiff files a complete IFP application or pays the filing fee within the time permitted.

I. Proceeding without Prepayment of Filing Fees

Plaintiff should be aware that if he is granted *in forma pauperis status*, he must pay the full amount of the $350 filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

II. Screening the Complaint Pursuant to 28 U.S.C. §§ 1915; 1915A

After Plaintiff files a complete IFP application, including his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint, and files his amended complaint, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.[2]

---

[2] This Court's conclusive screening of Plaintiff's claims is reserved until he obtains *in forma pauperis* status. See Izquierdo v. New Jersey, 532 F. App'x 71, 72-73 (3d Cir. July 25, 2013)

If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back.

A. The Complaint

Plaintiff seeks to bring a Bivens claim against his healthcare providers and the healthcare administrators at FCI-Fairton who denied his requests for MRIs of his knees and for surgery to resolve his bilateral knee pain. (Compl., ECF Nos. 1, 2.) Plaintiff also names the warden of the prison as a defendant. (Id.)

On February 2, 2018, Plaintiff submitted a motion for leave to file an amended complaint ("Mot. to Amend"), seeking to add a claim under the Federal Tort Claims Act ("FTCA") to his complaint. (Mot. to Amend, ECF No. 2.) Plaintiff filed a notice of tort claim with the Federal Bureau of Prisons ("FBOP") on January 19, 2018. (Id. at 4-6.)

Federal Rule of Civil Procedure 15(a)(1)(A) permits a party to amend its pleading once as a matter of course within 21 days after the complaint is served. Plaintiff's complaint has not yet been served. Therefore, Plaintiff does not need permission to file his amended complaint. Plaintiff should, however, file an amended complaint containing all of his claims against all defendants, to replace his original complaint. See Snyder v. Pascack Valley Hosp., 303 F.3d 271, 276 (3d Cir. 2002) ("[a]n amended complaint

---

(district court may decide whether to dismiss the complaint under 28 U.S.C. § 1915(e)(2) after leave to proceed IFP is granted).

3

supersedes the original version in providing the blueprint for the future course of a lawsuit."))

B. <u>Legal Standard</u>

There is a two-year statute of limitations for <u>Bivens</u> actions. <u>See</u> <u>Hughes v. Knieblher</u>, 341 F. App'x 749, 752 (3d Cir. 2009) (per curiam) (statute of limitations for <u>Bivens</u> claim is taken from New Jersey's two-year statute of limitations for personal injury claims and accrues when the plaintiff knows of or has reason to know of the injury). Some of the allegations in the complaint relate to actions that occurred more than two years before the complaint was filed. To avoid dismissal of the complaint, Plaintiff should indicate when the alleged constitutional violations occurred, and if the actions occurred outside the statute of limitations, Plaintiff should allege a basis for equitable or statutory tolling of the statute of limitations.

Plaintiff should also be advised that disagreement with the course of medical treatment provided in prison does not constitute an Eighth Amendment violation. <u>See</u> <u>Johnson v. Cash</u>, 557 F. App'x 102, 104 (3d Cir. 2013) (per curiam) (quoting <u>United States ex rel. Walker v. Fayette County</u>, 599 F.2d 573, 575 n.2 (3d Cir. 1979) ("[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.")) To state

4

an Eighth Amendment claim for inadequate medical care, a plaintiff must plead facts establishing, "'(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need.'" Parkell v. Danberg, 833 F.3d 313, 337 (3d Cir. 2016) (quoting Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003)).

Deliberate indifference has been found:

> where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment.

Id. (quoting Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)). Allegations of "[i]nadequate care" that are "a result of an error in medical judgment" must fail because malpractice does not constitute deliberate indifference. Parkell, 833 F.3d at 337 (quoting Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993.)) A claim may proceed if the plaintiff alleges the failure to provide adequate care was "'deliberate, and motivated by non-medical factors.'" (Id.)

Additionally, a supervisor is not vicariously liable for the unconstitutional acts of his employees. Iqbal, 556 U.S. at 676 ("[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of

5

respondeat superior.) There are two ways in which a supervisor may be liable under Bivens:

> [S]upervisors can be liable if they "established and maintained a policy, practice or custom which directly caused [the] constitutional harm," and … if they "participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations.

Santiago v. Warminster Tp., 629 F.3d 121, 129 n. 5 (quoting A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004) (second alteration in original)).

Moreover, a non-medical prison official "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official … will not be chargeable with the Eighth Amendment … requirement of deliberate indifference." Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004); Davis v. Prison Health Servs., Inc., 558 F. App'x 145, 150 (3d Cir. 2014) (per curiam) ("defendant-administrators who were not themselves physicians cannot 'be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor'") (quoting Durmer, 991 F.2d at 69)).

Concerning the FTCA claim Plaintiff wishes to bring in his amended complaint, the only proper defendant to an FTCA claim is

the United States. <u>CNA v. U.S.</u>, 535 F.3d 132, 138, n.2 (3d Cir. 2008). Plaintiff has not named the United States as a defendant. Moreover, before an FTCA claim may be brought in a district court, "the claimant shall have first presented the claim to the appropriate Federal agency *and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail*." 28 U.S.C. § 2675(a) (emphasis added). It appears that Plaintiff's FTCA claim may be premature because his claim has not yet been denied by the BOP.

**IT IS** therefore on this 21st day of February, 2018,

**ORDERED** that Plaintiff's IFP application (ECF No. 1-1) is DENIED without prejudice pursuant to 28 U.S.C. § 1915(a), because it is incomplete; and it is further

**ORDERED** that the Clerk of the Court shall administratively terminate this case without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, <u>see</u> <u>Papotto v. Hartford Life & Acc. Ins. Co.</u>, 731 F.3d 265, 275 (3d Cir. 2013) ("district courts retain jurisdiction over administratively closed cases. This means that a court may reopen the case…"); <u>see</u> <u>McDowell v. Delaware State Police</u>, 88 F.3d 188, 191 (3d Cir. 1996) (quoting <u>Rodgers ex rel. Jones v. Bowen</u>, 790

F.2d 1550, 1551–52 (11th Cir. 1986) ("holding that a complaint is deemed 'filed' for statute of limitations purposes when actually or constructively received by the court clerk—despite the untimely payment of the filing fee"); and it is further

**ORDERED** that the Clerk of the Court shall send Plaintiff a blank form "AFFIDAVIT OF POVERTY and ACCOUNT CERTIFICATION: (CIVIL RIGHTS)"; and a blank form "PRISONER CIVIL RIGHTS COMPLAINT," and it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Room 1050, Camden, NJ 08101, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete, signed *in forma pauperis* application, including a certified six-month prison account statement, or (2) the $400 fee including the $350 filing fee plus the $50 administrative fee;[3] and if he so chooses, Plaintiff may file an amended complaint within 30 days of the date of this Order; and it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete *in forma pauperis* application or payment of the filing and administrative

---

[3] See Redmond v. Gill, 352 F.3d 801, 803-04 (3d Cir. 2003) (requiring district courts to provide an adequate opportunity for a prisoner to comply with a PLRA fee order prior to dismissing an action for failure to prosecute.

8

fees within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is further

**ORDERED** that if Plaintiff fails to submit a complete *in forma pauperis* application or pay the filing fee within 30 days of the date of this Order, the *Court will dismiss this action without prejudice* to Plaintiff filing a new action;[4] upon such dismissal, *this Court will relinquish jurisdiction over the matter* and any new action will be subject to the appropriate statute(s) of limitations at the time of filing; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

                                          s/Renée Marie Bumb
                                          **RENÉE MARIE BUMB**
                                          **United States District Judge**

---

[4] See Bricker v. Turner, 395 F. App'x 804, 804 n. 1 (per curiam) (3d Cir. 2010) (affirming district court's order dismissing civil rights action without prejudice as a sanction for failure to obey a court order or for failure to diligently prosecute).

9