**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| NICHOLAS VASILIADES, <br><br> Plaintiff, <br> v. <br><br> MARILYN ANGUD, *et al.*, <br><br> Defendants. | Civ. No. 17-11764 (RMB) <br><br> **OPINION** |

**BUMB**, United States District Judge

I. BACKGROUND

On November 17, 2017, Plaintiff Nicholas Vasiliades, a prisoner incarcerated in the Federal Correctional Institution in Fairton, New Jersey ("FCI-Fairton"), brought this civil rights complaint under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). (Compl., ECF No. 1.) The Court administratively terminated the action, subject to reopening. On March 15, 2018, Plaintiff filed an Amended Complaint. (Am. Compl., ECF No. 4.) On April 2, 2018, Plaintiff paid the filing fee for this action.

28 U.S.C. § 1915A(a) states, "[the court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of

a governmental entity." The Court will reopen this matter and screen the Amended Complaint pursuant to 28 U.S.C. § 1915A(b), which provides:

> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

II. DISCUSSION

A. *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint[.]" Id. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

B.   The Amended Complaint

Plaintiff seeks relief under Bivens[1] for an alleged Eighth Amendment violation. Plaintiff alleges that the Defendants are Utilization Review Committee members at FCI-Fairton who were deliberately indifferent to his knee pain because they denied his requests for an MRI of his right knee and subsequent requests for surgery on both knees. (Am. Compl., ECF No. 4.) Plaintiff alleges the following facts, accepted as true for purposes of screening the amended complaint. On April 8, 2015, Dr. Ruben Morales took an x-ray of Plaintiff's right knee because Plaintiff suffered pain from inflammation. (Id., ¶VI(1)). Dr. Morales told Plaintiff to purchase pain medication from the commissary and to perform certain exercises. (Id.)

On September 4, 2015, Plaintiff began the administrative remedy process at FCI-Fairton, seeking an MRI and "appropriate medical treatment." (Id., ¶VI(6)). Plaintiff filed a formal grievance with Warden Mark Kirby on November 16, 2015, seeking surgery for both knees. (Am. Compl., ECF No. 1, ¶VI(7)). Plaintiff's administrative remedy requests were denied at every level. (Id., ¶¶VI(8-12)).

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971)).

On August 30, 2016, Plaintiff attempted to obtain relief by filing a Writ of Mandamus pursuant to 28 U.S.C. ¶ 1361 in the U.S. District Court for the Eastern District of Pennsylvania. (Id., ¶VI(13)). On October 12, 2016, upon denying a writ of mandamus, the District Court noted that Plaintiff could file an action under 42 U.S.C. § 1983.[2] (Id., ¶VI(14)).

In the meantime, on February 2, 2016, a consulting doctor outside of the prison examined Plaintiff and requested an MRI. (Id., ¶VI(2)). On March 2, 2016, Ms. S. Nadi of FCI Health Services made a request to the FCI-Fairton Utilization Review Committee for Plaintiff to have an MRI. (Id., ¶VI(3)). The Utilization Review Committee is composed of Marilyn Angud, Health Services Administrator; Dr. Ruben Morales, Health Services Clinical Director; and other unknown Health Services staff. (Id., ¶VI(3)). On May 16, 2016, the Northeast Regional Health Services Administrator denied Plaintiff's request for an MRI. (Id., ¶VI(4)). On May 25, 2016, Dr. Ruben Morales examined Plaintiff and took an x-ray of his right knee and femur. (Id., ¶VI(5)).

Plaintiff named four defendants to this action. Plaintiff alleges Clinical Director of Health Services, S. McGann, is liable because she "has stated that she examined [Plaintiff], when in fact she never has, stated that the NERO denied MRI, has denied my

---

[2] Bivens is the federal analog to a suit under 42 U.S.C. § 1983. Iqbal, 556 U.S. at 675-76 (quotation omitted).

5

medical request for surgery, did not follow my surgeon's recommendations, ignored any treatments, and neglect." (Am. Compl., ECF No. 1, ¶4(b)).

The second defendant is Dr. Ruben Morales, also a Clinical Director of FCI-Fairton Health Services. (Id., ¶4(c)). Plaintiff alleges Dr. Morales "denied my pain and injury. Refused to provide MRI and surgery." (Id.) The third defendant is Marilyn Angud, Health Services Administrator. (Id., ¶4(d)). Plaintiff alleges she also "denied my pain and injury. Refused to provide MRI and surgery." (Id.) The fourth defendant is the unknown Northeast Regional Health Services Administrator, who oversees the Regional Utilization Review Committee and denied Plaintiff's request for an MRI and surgery. (Id., ¶4(e)). Plaintiff alleges that he:

> continues to suffer from excruciating pain and discomfort, and can not conduct basic daily activities without suffering pain and discomfort. Outside Orthopedic Consultant has recommended MRI examination and the defendants continue to deny the Plaintiff the needed medical care and treatment. As a consequence of the delayed treatment Plaintiff's condition continues to worsen.

(Id., ¶15)).

Plaintiff also makes the following general allegations:

> In general, the Defendants have purposely ignored the medical needs of inmates, and particularly neglected those of the Plaintiff.
>
> Medical care at FCI Fairton is inadequate and unprofessional. Medical records, vital in assessing a patient's condition were not used

to assist diagnosis. Deficiencies are the
norm, and Plaintiff is unable to obtain
examinations or care upon request. Plaintiff
has had to go so far as submitting grievances
to receive medical care from a physician or
hospital.

The Fairton Health Services Department has
obligated the Plaintiff to file a second
Administrative Remedy in order to try and have
his condition re-evaluated and have the needed
medical procedures performed.

(Am. Compl., ECF No. 4, at 9, ¶¶16-18.)

Plaintiff alleges the following, under the heading "Reasons for Delay in Timely Filing:"

> FBOP interfered with my timely access to the
> courts, because of orchestrated delays and
> lies to have me constantly think that I was
> only waiting for approval for the MRI
> examination.
>
> I went through the whole gambit of treatments
> which are FBOP policy including exercise by PA
> Limbekar, who put me in a few times for MRI
> and informed me that my Electronic Medical
> file showed I was awaiting approval for the
> MRI. However, PA Limbekar did not know from
> looking at his computer that I had already
> been denied in January.
>
> On Tuesday, March 21, 2017, during an
> examination by Dr. Sarkos (Outside Orthopedic
> Surgeon) who was reviewing my electronic file
> and found that I was in fact denied my MRI
> examination after twice being requested.
>
> FCI Fairton Health Services rely on Standard
> X-rays in the laying down position and have
> never taken x-rays of my knees from a
> Rosenberg view or standing flexion view nor
> have they taken an x-ray using the Merchant
> view 30 [degrees] – 45 [degrees] device to see
> if the knee caps are in malalignment. Which

>        are the only proper type x-rays for my
>        condition.
>
>        In combination these delays and tactics used
>        by the Fairton FCI Health Services Department
>        to frustrate and discourage timely filing
>        within the prescribed time restraints of a
>        Bivens Action.

(Am. Compl., ECF No. 1 at 10.)

For relief, Plaintiff seeks an Order declaring that Defendants have violated the United States Constitution, an injunction requiring the defendants to provide Plaintiff with an MRI of both knees and "alternating surgeries to repair both knees as soon as possible depending on severity," and compensatory and punitive damages. (Id., ¶VII.)

Plaintiff attached a number of exhibits to his Amended Complaint. (Exhibits, ECF No. 4-3.) Exhibit A contains the order from the U.S. District Court, Eastern District of Pennsylvania denying Plaintiff's request for mandamus under 28 U.S.C. § 1361, and Plaintiff's administrative remedy requests, appeals and responses. (Ex. A, ECF No. 4-3 at 1-10.) In Exhibit A, Petitioner describes his knee injury as a torn meniscus. (Am. Compl, Ex. A, ECF No. 4-3 at 15.) The next exhibit is marked "Exhibit D" and it contains Plaintiff's administrative remedy appeals and responses. (Ex. D, ECF No. 4-3 at 11-17.) Finally, Exhibit E is a newspaper article entitled "Federal prison bonuses stir outrage." (Ex. E, ECF No. 4-3 at 19.)

## C. Eighth Amendment Bivens Claims For Deliberate Indifference to Serious Medical Needs

42 U.S.C. § 1983 "entitles an injured person to money damages if a state official violates his or her constitutional rights." Ziglar v. Abbasi, 137 S. Ct. 1843, 1854 (2017). Congress did not create "a specific damages remedy for plaintiffs whose constitutional rights were violated by agents of the Federal Government." Id. In 1971, the Supreme Court held that, even absent statutory authorization, it would enforce a damages remedy to compensate persons injured by federal officers who violated the prohibition against unreasonable search and seizures. Id. (citing Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971)).

After Bivens, the Supreme Court recognized an implied cause of action in two different situations, one of which involved a prisoner's estate suing under the Eighth Amendment Cruel and Unusual Punishments Clause for failing to treat the prisoner's asthma. Id. at 1855 (citing Carlson v. Green, 446 U.S. 14 (1980)). Here, Plaintiff invokes the Eighth Amendment based on the defendants' failure to approve an MRI and surgery for his knee pain. Thus, there is an implied damages remedy for his claim that Defendants violated the Eighth Amendment by failing to provide adequate medical treatment.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' Gregg v. Georgia, [428 U.S. 153] at 173 [1976] proscribed by the Eighth Amendment." Estelle, 429 U.S. at 104. Deliberate indifference may be shown where "(1) prison authorities deny reasonable requests for medical treatment ... and such denial exposes the inmate to undue suffering or the threat of tangible residual injury … [;] and (2) where knowledge of the need for medical care [is accompanied by the] ... intentional refusal to provide that care." Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (internal quotations omitted). The Third Circuit has also found deliberate indifference to exist where a defendant delays necessary medical treatment based on a non-medical reason or where a prison official "persists in a particular course of treatment 'in the face of resultant pain and risk of permanent injury.'" Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (quoting White v. Napoleon, 897 F.2d 103, 109–11 (3d Cir. 1990.))

A meniscal tear accompanied by chronic knee pain is a serious medical need. See e.g. Serrano v. Folino, 339 F. App'x 254 (3d Cir. 2009). Plaintiff alleges he "is unable to obtain examinations or care upon request. Plaintiff has had to go so far as submitting grievances to receive medical care from a physician or hospital." (Am. Compl., ECF No. 4 at 9, ¶17.) Without more facts, the Court cannot conclude that a particular defendant was deliberately

indifferent to Plaintiff's serious medical need by denying Plaintiff an examination or treatment upon his request. See Jutrowski v. Township of Riverdale, -- F.3d --, 2018 WL 4443884 at *5 ("a defendant's § 1983 liability must be predicated on his direct and personal involvement in the alleged violation"). With respect to this allegation, Plaintiff must state what condition he sought evaluation and treatment for, who denied his request, and why his request was denied. If treatment or evaluation was delayed, Plaintiff must allege why immediate or sooner evaluation and treatment was medically necessary.

Plaintiff's claims against the four defendants are primarily based on their denial of Plaintiff's requests for an MRI, which an outside physician recommended, and his subsequent requests for bilateral knee surgery. Plaintiff has not alleged that an outside physician opined that his condition could only be evaluated by MRI or that he required knee surgery because it was the only effective treatment available. It is insufficient to state an Eighth Amendment claim for deliberate indifference to a serious medical need because a prison doctor disagrees with the recommendations of an outside physician. See Napoleon, 897 F.2d at 100 ("The amended complaint does not allege that a prior doctor ordered treatment with [a particular medication] exclusively, or that the prior doctor indicated [the petitioner's] treatment would fail if [a particular medication] was withheld.")

11

The Amended Complaint and its attachments show that Plaintiff has received evaluation and treatment for his knee pain at FCI-Fairton; however, he disagrees with the use of x-rays and pain medication to evaluate and treat his condition. Plaintiff's allegations sound in negligence rather than a constitutional violation for deliberate indifference to serious medical needs. See Rhines v. Bledsoe, 388 F. App'x 225, 227 (3d Cir. 2010) (per curiam) (prisoner's belief that an MRI should have been ordered immediately is a disagreement with course of treatment not deliberate indifference to his medical needs); see Innis v. Wilson, 334 F. App'x 454, 456 (3d Cir. 2009) (per curiam) (where the plaintiff was examined and treated for back and knee pain, the plaintiff's disagreement with the course of treatment did not state a viable Eighth Amendment claim); see Watson v. Rogers, Civ. Action No. 07-2165(JAG), 2009 WL 777307, at *6 (D.N.J. Mar. 20, 2009) (allegations that the defendants failed to cure the plaintiff's chronic condition despite receiving treatment did not give rise to a claim for an Eighth Amendment violation). Allegations of "[i]nadequate care" that are "a result of an error in medical judgment" must fail because malpractice does not constitute deliberate indifference. Parkell v. Danberg, 833 F.3d 313, 337 (2016) (quoting Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993.))

Plaintiff also contends that Defendants were deliberately indifferent by delaying approval of an MRI and surgery. Plaintiff alleges he "went through the whole gambit of treatments which are FBOP Policy" but he continues to suffer debilitating pain. (Am. Compl., ECF No. 4 at 10.) Plaintiff has not sufficiently alleged there were non-medical reasons for delay in approving an MRI and surgery. See Ordonez v. Yost, 289 F. App'x 553, 555 (3d Cir. 2008) (a plaintiff must ultimately produce evidence that the decision to treat injury with non-surgical means was motivated by non-medical reasons.)

Additionally, Plaintiff has not alleged facts that a specific defendant "persist[ed] in a particular course of treatment 'in the face of resultant pain and risk of permanent injury.'" Napoleon, 897 F.2d at 100. Plaintiff's allegation that he went through a whole gambit of treatments suggests that the defendants did not persist in a particular course of treatment but instead attempted different treatments when one treatment proved ineffective.

The Court will dismiss the Amended Complaint without prejudice, permitting Plaintiff to file a Second Amended Complaint if he can allege additional facts in support of deliberate indifference to his serious medical needs. Alternatively, Plaintiff might pursue a negligence claim if he meets the requirements of the Federal Tort Claims Act. 28 U.S.C. §§ 2671 *et seq*; 28 U.S.C. § 1346(b).

III. CONCLUSION

For the reasons discussed above, Plaintiff fails to state an Eighth Amendment Bivens claim in the Amended Complaint. The Amended Complaint will be dismissed without prejudice.

An appropriate order follows.

                                        s/Renée Marie Bumb
                                        **RENÉE MARIE BUMB**
                                        **United States District Judge**

**Dated: September 19, 2018**